Chatham Capital Mgt. IV LLC v Platinum Asset Funding LLC (2025 NY Slip Op 03761)

Chatham Capital Mgt. IV LLC v Platinum Asset Funding LLC

2025 NY Slip Op 03761

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Webber, J.P., Friedman, Kapnick, Higgitt, Michael, JJ. 

Index No. 157977/20|Appeal No. 4624|Case No. 2024-03092|

[*1]Chatham Capital Management IV LLC, et al., Plaintiffs-Appellants,
v
Platinum Asset Funding LLC, et al., Defendants-Respondents.

Berkovitch & Bouskila, PLLC, Pomona (Ariel Bouskila of counsel), for appellants.
Bailey Glasser LLP, Port Chester (Elliott McGraw of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 14, 2024, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' motion for summary judgment on their first cause of action for declaratory judgment, third cause of action for unjust enrichment, and fourth cause of action for conversion, unanimously affirmed, without costs.
In 2017, plaintiffs Chatham Capital Management IV, LLC and Chatham Capital Management, LLC (together Chatham) entered into Master Purchase Agreements with nonparty Platinum Rapid Funding Group Ltd. (PRFG). Under the terms of the MPAs, PRFG, as the Lead, agreed to enter into Merchant Cash Advance Agreements, or Funding Agreements, with other entities, and Chatham, as the Participant, agreed that it "may from time-to-time desire to co-invest" in those Merchant Agreements. As the Lead, PRFG was responsible for collecting payments under the Merchant Agreements and then providing Chatham, as the Participant, with its pro-rata co-investment share of "Collections" on a weekly basis. If PRFG held onto Chatham's share of the "Collections" the "Collections" would remain the property of Chatham. The MPAs define "Collections" as the "Proceeds of Purchased Receivables by the Lead."
In 2018, PRFG, as Servicer, and nonparty PRFG SPV #1 LLC (SPV), as borrower, entered into a Credit and Security Agreement with defendant Arena PRFG, LLC, pursuant to which Arena PRFG agreed to lend up to $25 million to the SPV. In return, the SPV granted Arena PRFG a first priority lien on all of its assets, which included PRFG's ownership interest in receivables it collected under the Merchant Agreements it entered into, and for which Chatham provided partial funding.
Throughout 2019 and early 2020, PRFG sold, transferred, assigned, or otherwise conveyed to the SPV a percentage of the amount of the receivables to be collected under certain Merchant Agreements. The Merchant Agreements state that PRFG is buying the receivables, not Chatham. When the SPV defaulted under the Credit and Security Agreements, defendants Arena PRFG and Platinum Asset Funding, LLC, as assignee for Arena PRFG, foreclosed on their security interest in the SPV's assets. Chatham contends that as the sole owner of the "Chatham Purchased Receipts," which it defines as "the portion of the Merchants' future receivables" allegedly purchased by Chatham, it is entitled to some of the monies foreclosed upon and collected by defendants.
Supreme Court correctly concluded that, "what Chatham bargained for is the Collections, which are . . . not the Receivables themselves." The entirety of Chatham's complaint is based on the premise that it purchased receivables, however, this is belied by the agreements themselves. Thus, the court correctly granted defendants' motion for summary judgment dismissing the second cause of action, which alleges, "Chatham is entitled to receive an account of the Chatham Purchased Receipts [*2]from May 12, 2020 until the present." Chatham does not allege that it is entitled to an accounting of the Collections. Similarly, the court properly granted defendants' motion for summary judgment and denied plaintiffs' motion for summary judgment with respect to the third cause of action, which alleges that defendants have "been unjustly enriched in an amount to be determined at trial but in no event less than $700,000 of the Chatham Purchased Receipts which may have been collected by [defendants] yet which [defendants] failed to remit to Chatham." Chatham has not alleged that defendants may have been unjustly enriched by retaining the Collections. The court also correctly granted defendants' motion for summary judgment and denied plaintiffs' motion for summary judgment with respect to the fourth cause of action, which alleges that defendants converted the Chatham Purchased Receipts.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025